```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


SCOTT CHRISTIAN WADLEY,        )
                               )
          Plaintiff,           )
v.                             )    CIVIL ACTION NO. 05-467
                               )
EXPERIAN INFORMATION           )
SOLUTIONS, INC, et al.,        )
                               )
          Defendant.           )
```

## ORDER

THIS MATTER is before the Court on Defendant Experian Information Solutions Inc.'s ("Experian," "Defendant") Motion for Summary Judgment. This case concerns Plaintiff Scott Christian Wadley's ("Mr. Wadley," "Plaintiff") allegations that Experian violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information on Mr. Wadley's credit report regarding an automobile loan with Ford Motor Credit Company (hereinafter "FMCC"). The issue before the Court is whether a genuine issue of fact remains regarding whether Experian reported inaccurate information on Plaintiff's credit report when Plaintiff concedes that he entered into a loan with FMCC, failed to pay the loan, and the loan was reported with a derogatory status. The Court grants Defendant's Motion for Summary Judgment because no genuine issue of material fact remains regarding whether the disputed Experian report contained any inaccuracies, and the FCRA requires a showing that the challenged credit report contains inaccurate information.

## I.  BACKGROUND

Plaintiff purchased a Ford Focus automobile from Jerry's Ford in Alexandria, Virginia on or about May 22, 2003, which was financed by Ford Motor Credit Company ("FMCC").  *See* Pls. Mem. Opp. at 3.  Plaintiff returned the vehicle to Jerry's Ford because Plaintiff contends the vehicle broke down, the odometer stopped working, and the check engine light stayed on constantly.  *See* Pls. Mem. Opp. at Ex. 5.  Jerry's Ford disagreed with Plaintiff's assessment of the vehicle.  *See id*. at Ex. 5; Def. Mem. Support of Summ. J. at 2.  Mr. Wadley removed his personal belongings and the tags from his car and left the vehicle at the dealership.  *Id*.  Upon return of the vehicle, Gina Gaeta, the Finance Manager at Jerry's Ford, said "ok" and then called Mr. Wadley a cab.  Pls. Mem. Opp. at 3, ¶ 7. Mr. Wadley then ceased making payments on his loan with FMCC.  Pls. Mem. Opp. at 4 ¶ 9, Ex. 8, Ex. 1.  Plaintiff contacted FMCC and expressed his dissatisfaction with the car he purchased and made the argument that he should not have to repay his loan for the vehicle.

Defendant Experian, a consumer reporting agency that supplies consumer information pursuant to the FCRA, reported information regarding Plaintiff's account with FMCC.  Am. Compl. at ¶ 12.  Def.'s Opp. at Ex. C.  FMCC disagreed with Plaintiff's assessment of the car and informed him that his failure to pay the loan would affect his credit.  *Id*.

Plaintiff repeatedly disputed the FMCC with Experian. Am. Compl. 14. Experian investigated the FMCC account and continued to report the information on Plaintiff's Experian credit file. *Id*. at 15; Pls. Mem. Opp. at Ex. 4.

## II. DISCUSSION

### A. Standard of Review

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

### B. Analysis

The Court grants Defendant's Motion for Summary Judgment because Plaintiff failed to establish that a genuine issue of material fact exists regarding whether Defendant violated the FCRA by reporting inaccurate credit information.  In order to state a cause of action under the FCRA, a plaintiff must demonstrate that (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.  15 U.S.C. § 1681e(b); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Dauster v. Household Credit Services, Inc*., Civ. Action No. 04-1401 at 2-3 (E.D.Va., July. 14, 2005).  In *Dalton*, a consumer reporting agency prepared a report for a prospective employer about an applicant's criminal history, indicating that the applicant was found guilty of a felony, when he actually only pled guilty to a misdemeanor.  *Id*. at 416.  Furthermore, the reporting agency failed to instruct its subvendors on the proper sources of criminal history of information.  *Id*. at 418.  The Fourth Circuit stated, "[a] report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]" effect.  *Id*. at 415 (citing

4

*Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)).

In this case, Mr. Wadley admits that he entered into a loan with FMCC, failed to pay the loan, and that the loan was reported to Experian as delinquent, but argues that he should not have to pay the loan because his car was defective.  Plaintiff offers no evidence to show that Experian inaccurately reported the status of Mr. Wadley's loan with FMCC.  Because Mr. Wadley offers no evidence that Experian inaccurately reported the loan, he has failed to establish that the consumer report contains inaccurate information, which is an essential element of a FCRA claim.  Accordingly, the Court grants Defendant's Motion for Summary Judgment.

The Court grants Defendant's motion because Plaintiff is attempting to collaterally attack the basis of accurately reported information.  The FCRA does not provide a cause of action to collaterally attack an accurate credit report.  *See Dalton,* 257 F3d at 415).  Courts have dismissed FCRA claims in several similar cases.  *See, e.g.*, *Williams v. Colonial Bank*, 826 F.Supp. 415, 418 (M.D.Ala. 1993)(granting summary judgment for a credit reporting agency because the plaintiff conceded that the credit report was accurate); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1154 (11th Cir. 1991)(same); *Wright v. TRW Credit Data,* 588 F.Supp. 112, 114 (S.D.Fla. 1984)(same); *Dauster*, Civ. Action No. 04-1401 at 4 (same).

5

In *Wright*, the plaintiff brought an FCRA action because his credit report showed that his car was repossessed. 588 F.Supp. at 113. The plaintiff claimed the repossession was "an illegal conversion and that the credit bureaus' failure to also report plaintiff's dispute with the bank over the propriety of the repossession render[ed] the report inaccurate." *Wright*, 588 F.Supp. at 114. Similarly, in *Williams*, the plaintiff admitted his home was foreclosed upon but argued it "should not have been included in his credit report because the bank acted improperly in foreclosing on his mortgage." *Williams*, 836 F.Supp. at 417. Here, Plaintiff concedes he entered the credit agreement with FMCC and the account is delinquent because he stopped making payments on his car loan. Because Plaintiff failed to satisfy his threshold burden of showing that Experian reported any "inaccurate" information, all of his claims under FCRA must fail and summary judgment is entered in favor of Defendant.

### III. CONCLUSION

The Court grants Defendant Experian Information System's Motion for Summary Judgment because Plaintiff has not established that a genuine issue of fact remains on the question of whether Defendant reported inaccurate information on his credit report, a necessary element of a claim under the FCRA.

Accordingly, it is hereby

ORDERED that Defendant Experian Information System Inc.'s Motion for Summary Judgment is GRANTED.

The Clerk is directed to enter judgment in favor of Defendant Experian Information System Inc. pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this <u>19th</u> day of August, 2005.

/s/
_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
08/19/05

7