IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SCOTT CHRISTIAN WADLEY,          )
                                 )
          Plaintiff,             )
v.                               )     CIVIL ACTION NO. 05-467
                                 )
FORD MOTOR CREDIT COMPANY        )
et al.,                          )
                                 )
          Defendants.            )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant Ford Motor Credit Company's ("FMCC," "Defendant") Motion for Summary Judgment.  This case concerns Plaintiff Scott Christian Wadley's ("Mr. Wadley," "Plaintiff") allegations that FMCC violated the Fair Credit Reporting Act ("FCRA") by furnishing inaccurate information concerning Mr. Wadley's credit report to various credit reporting agencies.  The issue before the Court is whether a genuine issue of fact remains regarding whether FMCC furnished "inaccurate" information regarding Plaintiff's credit report to various credit reporting agencies when Plaintiff concedes that he entered into a loan with FMCC, failed to pay the loan, and the loan was reported with a derogatory status.  The Court grants Defendant's Motion for Summary Judgment because no genuine issue of material fact remains regarding whether the information furnished by FMCC was inaccurate, and the FCRA requires a showing that the

entity reporting the debt furnished inaccurate information.

## I.  BACKGROUND

Plaintiff purchased a Ford Focus automobile from Jerry's Ford in Alexandria, Virginia on or about May 22, 2003, which was financed by Ford Motor Credit Company ("FMCC").  *See* Pl.'s Mem. in Opp. of Summ. J. at 3 (hereinafter "Pl.'s Mem. Opp.").[1]  Plaintiff returned the vehicle to Jerry's Ford because Plaintiff contends the vehicle broke down, the odometer stopped working, and the check engine light stayed on constantly.  *See* Pl.'s Mem. Opp. at Ex. 5.  Jerry's Ford disagreed with Plaintiff's assessment of the vehicle.  *See id.* at Ex. 5; Def.'s Mem. in Support of Summ. J. at 2 (hereinafter "Def.'s Mem. Supp.").[2]  Mr. Wadley removed his personal belongings and the tags from his car and left the vehicle at the dealership.  *Id.*  Upon return of the vehicle, Gina Gaeta, the Finance Manager at Jerry's Ford, said "ok" and then called Mr. Wadley a cab.  Pl.'s Mem. Opp. at 3, ¶ 7.  Mr. Wadley then ceased making payments on his loan with FMCC.  Pl.'s Mem. Opp.

---

[1]  This citation refers to Plaintiff's Memorandum in Opposition to the Motion for Summary Judgment made by Defendant Experian Information Solutions, Inc., a previous party in this case.

[2]  Likewise, this citation refers to Defendant Experian Information Solutions, Inc.'s Memorandum in Support of its Motion for Summary Judgment.

at 4 ¶ 9, Exs. 1, 8.   Plaintiff contacted FMCC and expressed his dissatisfaction with the car he purchased and made the argument that he should not have to repay his loan for the vehicle.

Defendant Experian Information Solutions, Inc. ("Experian"), a consumer reporting agency that supplies consumer information pursuant to the FCRA, reported information regarding Plaintiff's account with FMCC.   Am. Compl. ¶ 12; Def.'s Mem. Supp. at Ex. C.   FMCC disagreed with Plaintiff's assessment of the car and informed him that his failure to pay the loan would affect his credit.   *Id.* Plaintiff repeatedly disputed the FMCC account with Experian. Am. Compl. ¶ 14.   Experian investigated the FMCC account and continued to report the information on Plaintiff's Experian credit file.   *Id.* ¶ 15; Pl.'s Mem. Opp. at Ex. 4.

## II. DISCUSSION

### A. Standard of Review

Under Rule 56(c), the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law.   *Fed. R. Civ. P.* 56(c).   In reviewing a motion for summary judgment, the Court views the

facts in a light most favorable to the non-moving party.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1996).  "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986) (quoting *Fed. R. Civ. P.* 56(c), (e)).

**B. Analysis**

The Court grants Defendant's Motion for Summary Judgment because Plaintiff failed to establish that a genuine issue of material fact exists regarding whether Defendant violated the FCRA by furnishing "inaccurate" credit information.  Plaintiff alleges a cause of action under § 1681s-2(a) which prohibits

4

an entity from furnishing information relating to a consumer to a consumer reporting agency if "(i) the [entity] has been notified by the consumer...that specific information is inaccurate; and (ii) the *information is, in fact, inaccurate*." 15 U.S.C. § 1681s-2(a)(1)(B) (2000) (emphasis added).

In this case, Mr. Wadley admits that he entered into a loan with FMCC, failed to pay the loan, and that FMCC reported the loan to credit agencies as delinquent. However, Plaintiff argues that he should not have to pay the reported loan for two reasons. First, Plaintiff claims that the contract for the car was rescinded when he returned the allegedly defective vehicle and, therefore, that he had no further obligation to pay the loan at that juncture. However, this is merely a conclusory legal assertion that is insufficient to overcome a properly supported motion for summary judgment. Second, Mr. Wadley claims that, after his loan was charged off as bad debt, FMCC re-sold the vehicle for an inadequate amount, thus artificially raising the amount of contract cover loss for which Plaintiff was responsible. Even taking this assertion as true, Plaintiff was still liable for any remaining obligation on his loan with FMCC, and has offered no evidence to show that FMCC inaccurately reported the status of his loan, which is an essential element of a FCRA claim.

Accordingly, the Court grants Defendant's Motion for Summary Judgment.

Furthermore, the Court grants Defendant's motion because Plaintiff, despite his assertions to the contrary, is attempting to collaterally attack the basis of accurately reported information.  The FCRA does not provide a cause of action to collaterally attack an accurate credit report.  *See Dalton v. Capital Associated Indus., Inc.,* 257 F.3d 409, 415 (4th Cir. 2001).  Courts have dismissed FCRA claims in several similar cases.  *See, e.g.*, *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1154 (11th Cir. 1991) (granting summary judgment for a credit reporting agency because the plaintiff conceded that the credit report was accurate); *Dauster v. Household Credit Servs., Inc.*, Civ. Action No. 04-1401 at 4 (E.D. Va. July 14, 2005) (same); *Williams v. Colonial Bank*, 826 F. Supp. 415, 417-18 (M.D. Ala. 1993) (same); *Wright v. TRW Credit Data,* 588 F. Supp. 112, 114 (S.D. Fla. 1984) (same).

In *Wright*, the plaintiff brought a FCRA action because his credit report showed that his car was repossessed.  588 F. Supp. at 113.  The plaintiff claimed the repossession was "an illegal conversion and that the credit bureaus' failure to also report plaintiff's dispute with the bank over the

propriety of the repossession render[ed] the report inaccurate." *Wright*, 588 F. Supp. at 114.  Similarly, in *Williams*, the plaintiff admitted his home was foreclosed upon but argued it "should not have been included in his credit report because the bank acted improperly in foreclosing on his mortgage." *Williams*, 836 F. Supp. at 417.

Plaintiff attempts to distinguish these cases because he asserts this claim against the creditor who originally furnished the information rather than, as in the cases previously cited, against the credit reporting agencies. However, absent a showing that the credit information is inaccurate or legal authority to the contrary, this is a distinction without a difference.  The contention that the FCRA permits a party to collaterally attack a debt when the defendant is a creditor who furnishes accurate information rather than a credit reporting agency that reports that same accurate information is unsupported by case law.  Here, Plaintiff concedes he entered into the credit agreement with FMCC and the account is delinquent because he stopped making payments on his car loan.  Because Plaintiff failed to satisfy his threshold burden of showing that FMCC furnished any "inaccurate" information, all of his claims under FCRA must fail and summary judgment is entered in favor of Defendant.

### III. CONCLUSION

The Court grants Defendant Ford Motor Credit Company's Motion for Summary Judgment because no genuine issue of material fact remains regarding whether the information furnished by FMCC was inaccurate, and the FCRA requires a showing that the entity reporting the debt furnished inaccurate information.  Accordingly, it is hereby

ORDERED that Defendant Ford Motor Credit Company's Motion for Summary Judgment is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___17th____ day of October, 2005.

```
                        _____/s/_____
                        Gerald Bruce Lee
                        United States District Judge
```

Alexandria, Virginia
10/17/05